IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

    vs.                                                                       No. 18-cr-02129 KWR

MIKHAIL LEON SANDLES,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's request for expungement. *See* Doc. 53. Defendant was convicted of possession of an unregistered firearm, in violation of 26 U.S.C. § 5861(d). Judgment was entered in this case on October 26, 2018. Doc. 27.

Defendant filed his request for expungement approximately five years later. Defendant summarily requests that the court expunge his criminal conviction to enhance his job prospects and serve in the military, if called.

District courts have no statutory authority to expunge a criminal conviction. *United States v. Pinto*, 1 F.3d 1069, 1070 (10th Cir. 1993). However, the Tenth Circuit has stated that district courts have the inherent authority to do so in "extreme cases" when a conviction has been invalidated, such as when the conviction is unconstitutional, illegal, or obtained through government misconduct. *Id.* at 1070.

Here, Defendant has given no basis whatsoever to expunge his conviction, aside from desiring to enhance his job prospects or enter military service. Defendant has not alleged his conviction is invalid. Alternatively, his desire to enhance his job prospects or join the military is

not an extreme case warranting expungement of a conviction. The Court finds that Defendant has not alleged a legally viable claim for relief.   The Court therefore denies the expungement motion on that basis alone. *See Pinto*, 1 F.3d at 1071 ("Defendant argues that it was improper to deny her petition without holding a hearing.... Absent an allegation that *the conviction* was somehow invalid, Defendant's arguments that she had been punished enough are simply *insufficient as a matter of law*.") (emphases added); *United States v. Trzaska*, 781 F. App'x 697, 701 (10th Cir. 2019) ("An expungement motion may fail to aver a legally viable claim for relief on its face; if so, it should be denied on that basis").

    **IT IS THEREFORE ORDERED** that Defendant's Motion (Doc. 53) is **DENIED**.

_____
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE